**BRICCETTI, CALHOUN & LAWRENCE, LLP**
**81 MAIN STREET, SUITE 450**
**WHITE PLAINS, NY 10601**
**(914) 946-5900**

February 17, 2010

<u>BY HAND</u>
Hon. Stephen C. Robinson
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY   10601

      Re:    <u>United States v. Richard Genin</u>
              08 Cr. 674 (SCR)

Dear Judge Robinson:

      We were scheduled to appear before Your Honor on January 29, 2010, in connection with my client Richard Genin's motion to suppress.  On January 27, I received the attached document from the government.  At my request, and in order to review the attached document, the January 29 appearance was adjourned and is now scheduled for February 23 at 4:30 p.m.

      I respectfully submit that the document contains information that is relevant to Your Honor's consideration of the present motion.  It appears to be a transmittal document prepared when the investigation of this matter shifted from the FBI's IIU to its New York office.  The document summarizes some of the information gathered relative to the investigation and refers to three CDs containing additional information.

      One of the CDs is referred to as Disk #2 and contains "a PDF document containing all e-mail correspondence between subject and the website www.YoungVideoModels.com (YVM) (sorted alphabetically)."  AUSA Krissoff displayed a portion of this PDF document for me and that portion appears to be same complete text of Genin's e-mails that the government attached as Exhibit E to its October 2, 2009, submission.  Ms. Krissoff told me that the remainder of the PDF document captured other correspondence not related to Genin.

      In my view, it is significant that the complete text of the Genin e-mails was sent to the New York field office on or about January 28, 2008, which is the date of the attached document.  The search warrant application was submitted two months after this date.  Thus, there was ample time and opportunity for the agent to have checked the obvious errors by the IIU analyst in her

Hon. Stephen C. Robinson, U.S.D.J.
Re:  United States v. Richard Genin
February 17, 2010
Page 2

excerpts of the e-mails against the actual e-mail and to have corrected those errors.  The agent did not have to rely on the analyst and, as previously stated, he should not have in view of the number and obvious nature of the errors the analyst made.

  Further, the receipt of this PDF document appears to contradict the agent's affidavit dated October 2, 2009, in which he states

> "8.  After providing an affidavit in support of the application for the Search Warrant and participating in the execution of the Search Warrant, I received, from the IIU Agent, e-mails between Richard Genin, using the e-mail address hellmansmayo13@webtv.net, and the VYM [sic YVM] websites.  These e-mails are attached hereto as Exhibit E ..."

(Affid. of Agent at 7).  As noted above, it appears these e-mails were received from IIU over two months before, not after, the affidavit for the search warrant was prepared and the warrant executed.

  Finally, the attached document reports that Disk #2 also contains a draft affidavit in support of a search warrant.  AUSA Krissoff declined to provide me with a copy of the draft affidavit, citing work product and the fact that the draft affidavit was not used to prepare the affidavit that was submitted in this case. (The defense would consent to an in camera review of the draft affidavit if Your Honor wishes to inspect it to determine if disclosure to the defense is appropriate.)  In any event, in connection with the draft, the attached document flags two of the most significant issues Genin has raised when it cautions the agent to determine "if the probable cause and time frame are sufficient for a warrant in your district."  In spite of this express warning, the agent submitted an affidavit that has already been found to lack probable cause and, according to the defense, rested on stale information.

  The defense thus submits that the attached document subtracts further from any claim to the good faith exception the government is attempting to make.

  The attached document, with its redactions, is as I received it from the government.  Nevertheless, it contains personal identifying information that make it inappropriate for filing by ECF.  I therefore will file this letter and a further redacted version of the attachment by ECF.

Hon. Stephen C. Robinson, U.S.D.J.
Re:  <u>United States v. Richard Genin</u>
February 17, 2010
Page 3

      The Court's consideration of the foregoing is appreciated.

                                        Respectfully submitted,

                                        s/

                                        Clinton W. Calhoun, III

CWC/jlr

Attachment

cc:      AUSA Sarah R. Krissoff (by hand)